## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ENRIQUE ROBERT DE MORAES-ROCHA, :
                                        :
                 *Petitioner,*     :
v.                                :      2:26-cv-133
                                          :
MICHAEL ROSE and J.L. JAMISON.     :
                                          :
                 *Respondents.*    :

### ORDER

AND NOW, this 16th day of January 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1), the Government's Response thereto (Dkt. 4), and the parties' stipulation to waive oral argument and have the Court decide the Petition on the papers (Dkt. 6), it is hereby ORDERED that the Petition is GRANTED as follows:

1. The Government shall RELEASE de Moraes-Rocha from custody immediately and certify compliance with this Court's Order by way of docket entry, no later than Tuesday, January 20, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining de Moraes-Rocha under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody the Government is temporarily enjoined from re-detaining de Moraes-Rocha for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain de Moraes-Rocha under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal may assess whether he poses a danger to the community or a flight risk.

6. In the event of such bond hearing, the Government SHALL NOT remove, transfer, or other wise facilitate the removal of de Moraes-Rocha from the Commonwealth of Pennsylvania. If, after a bond hearing, it is determined that de Moraes-Rocha is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move de Moraes-Rocha if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[1]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

_____
GAIL A. WEILHEIMER,  J.

---

[1] For the reasons articulated in *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlesone, C.J.), *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.), and *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.), this Court believes immediate release is necessary to ensure the appropriate habeas remedy in this matter. This Court believes a bond hearing would be insufficient to afford Petitioner the proper habeas relief as the Government, having waived oral argument, has presented no rationale for denial of bond in this matter. *Ndiaye*, 2025 WL 3229307, *8 n.5 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.).